**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| OMAR O'HARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-442 |
| ) | |
| TERRENCE LOTT, ) | |
| in his individual capacity, ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| MARLISSA BUTLER-CHERRY, ) | |
| in her individual capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. On March 15, 2023, Plaintiff Omar O'Hara was detained, beaten, arrested, and held by Defendant Terrence Lott.  As Defendant Lott was repeatedly striking Mr. O'Hara, Defendant Marlissa Butler-Cherry stood by and watched rather than prevent the beating.  Mr. O'Hara was held for twenty-four hours after which he was released without being charged with any offense.

### PARTIES

2. Omar O'Hara is a citizen of the United States and a resident of the City of University City, County of St. Louis, State of Missouri.

3. Defendants Terrence Lott and Marlissa Butler-Cherry (collectively, "Defendant Officers") were commissioned police officers of the City of University City within the State of Missouri. They are sued in their individual capacities.

4. Defendant Officers acted under color of law at all relevant times.

## JURISDICTION AND VENUE

5.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendants are located, and all of the incidents giving rise to this suit occurred, in this judicial district.

6.      Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

7.      This Court has supplemental jurisdiction over Plaintiff's Missouri state law claims pursuant to 28 U.S.C. § 1367(a).

## FACTS

8.      On March 15, 2023, during the early morning hours, Plaintiff was in his stationary car on a street in University City, Missouri.

9.      Defendant Lott contacted Plaintiff and then ordered Plaintiff to exit his car. Plaintiff complied with this order.

10.     After additional conversation, Defendant Lott required Plaintiff to participate in what are known as field sobriety tests. Plaintiff successfully completed the tests.

11.     Then both officers approached Plaintiff and Defendant Lott grabbed or attempted to grab Plaintiff's arm.

12.     As Defendant Lott was holding Plaintiff's arm, Defendant Butler-Cherry conversed with Plaintiff.

13.     At some point prior to Defendant Butler-Cherry conversing with Plaintiff, Defendant Lott drew his Taser. Plaintiff was not resisting the officers and was standing still.

14. Then, Defendant Lott began deploying the Taser against Plaintiff, without warning. Plaintiff was shocked by the Taser multiple times. On information and belief, the Taser was deployed in "drive-stun" mode and not by shooting the barbs into the body of Plaintiff.

15. After shocking Plaintiff multiple times with the Taser, Defendant Lott kicked Plaintiff multiple times. Then, Defendant Lott threw Plaintiff to the ground.

16. While Plaintiff was lying supine, Defendant Lott straddled Plaintiff's upper body and struck plaintiff in the face multiple times.

17. While Defendant Lott was tasing, kicking, throwing Plaintiff to the ground, and striking Plaintiff in the face, Defendant Butler-Cherry was in close proximity and could have intervened to stop Defendant Lott's actions. Defendant Butler-Cherry did not stop Defendant Lott from tasing, kicking, throwing Plaintiff to the ground, or striking Plaintiff in the face.

18. Other officers arrived and Plaintiff was handcuffed behind his back and taken to the University City jail.

19. Defendant Lott did not have probable cause to arrest or detain Plaintiff for any crime.

20. Plaintiff was transported to the hospital from the jail due to his injuries.

21. Plaintiff was returned to the University City jail where he was detained for a full twenty-four hours following his arrest.

22. Plaintiff was released by University City and was not provided any charging documents or other paperwork.

## CAUSES OF ACTION

### COUNT I
### EXCESSIVE FORCE AGAINST MR. O'HARA
### BY DEFENDANT LOTT
### COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant Lott in Count I, Mr. O'Hara states:

23. Mr. O'Hara incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

24. When Defendant Lott tased, kicked, threw Plaintiff to the ground, and struck Plaintiff's face multiple times, the use of force and each separate use of force was unreasonable and in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

25. As a direct and proximate result of the excessive force of Defendant Lott, Mr. O'Hara suffered injuries including traumatic injuries to his knees, torso, shoulder, and face. The attack caused Mr. O'Hara to be fearful for his life and well-being, and caused emotional suffering as well as bodily pain, fear, apprehension, depression, and consternation. Additionally, Mr. O'Hara has suffered, and will continue to suffer, special damages in the form of medical expenses as a result of Defendant Lott's use of excessive force.

26. Defendant Lott's actions, described above, were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Mr. O'Hara; thus, entitling Mr. O'Hara to an award of punitive damages against Defendant Lott.

27. If Mr. O'Hara prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Mr. O'Hara prays for judgment against Defendant Lott for compensatory damages in a fair and reasonable amount, and for punitive damages, plus costs of this action, reasonable attorneys' fees, and for such other and further relief as this honorable Court deems fair and appropriate under the circumstances.

**COUNT II**
**FAILURE TO INTERVENE**
**BY DEFENDANT BUTLER-CHERRY**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant Butler-Cherry in Count II, Mr. O'Hara states:

28.     Mr. O'Hara incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

29.     Throughout the course of the entire incident described above, Defendant Butler-Cherry was present and witnessed Defendant Lott repeatedly tase, kick, and punch Mr. O'Hara.

30.     Defendant Butler-Cherry had the ability, opportunity, and obligation to intervene and prevent Defendant Lott from tasing, kicking, and/or punching Mr. O'Hara, but Defendant Butler-Cherry failed to stop or attempt to stop Defendant Lott despite having means to do so.

31.     As a direct and proximate result of Defendant Butler-Cherry's failure to intervene and render aid, Mr. O'Hara suffered injuries including traumatic injuries to his knees, torso, shoulder, and face.  Defendant Butler-Cherry's failure to intervene caused Mr. O'Hara to be fearful for his life and well-being, and caused emotional suffering as well as bodily pain, fear, apprehension, depression, and consternation. Additionally, Mr. O'Hara has suffered, and will continue to suffer, special damages in the form of medical expenses as a result of Defendant Butler-Cherry's failure to intervene to stop or attempt to stop Defendant Lott's use of excessive force.

32.     Defendant Butler-Cherry's actions were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Mr. O'Hara, thus entitling Mr. O'Hara to an award of punitive damages against Defendant Butler-Cherry.

33.     If Mr. O'Hara prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Mr. O'Hara prays for judgment against Defendant Butler-Cherry for compensatory damages in a fair and reasonable amount, and for punitive damages, plus costs of this action, reasonable attorneys' fees, and for such other and further relief as this honorable Court deems fair and appropriate under the circumstances.

## COUNT III
## UNLAWFUL SEIZURE
## BY DEFENDANT LOTT
## COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant Lott in Count III, Mr. O'Hara states:

34. Mr. O'Hara incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

35. Defendant Lott did not have probable cause to arrest Mr. O'Hara.

36. Defendant Lott unreasonably seized Mr. O'Hara, thereby depriving him of his right to be free from unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

37. As a direct result of the conduct of Defendant Lott described herein, Mr. O'Hara suffered damages.

38. Defendant Lott engaged in these actions willfully and knowingly, acting with reckless or deliberate indifference to Plaintiff's Fourth Amendment rights.

39. Defendant Lott's actions, as described above, were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Mr. O'Hara, thus entitling Mr. O'Hara to an award of punitive damages against Defendant Lott.

40. If Mr. O'Hara prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Mr. O'Hara prays for judgment against Defendant Lott for compensatory damages in a fair and reasonable amount, and for punitive damages, plus costs of this action, reasonable attorneys' fees, and for such other and further relief as this honorable Court deems fair and appropriate under the circumstances.

### COUNT IV
### BATTERY
### BY DEFENDANT LOTT
### COGNIZABLE UNDER MISSOURI LAW

For his cause of action against Defendant Lott in Count IV, Mr. O'Hara states:

41. Mr. O'Hara incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

42. Defendant Lott intentionally acted to cause injury and harm to Mr. O'Hara when he tased, kicked, threw Plaintiff to the ground and struck Mr. O'Hara's face multiple times.

43. Defendant Lott thereby used more force than was reasonably necessary.

44. Defendant Lott's actions caused immediate and ongoing bodily harm to Mr. O'Hara.

45. As a direct and proximate result of the tortious conduct of Defendant Lott described above, Mr. O'Hara suffered pain and psychological anguish, which continue to this day.

46. Additionally, the actions of Defendant Lott caused or contributed to cause Mr. O'Hara to incur actual damages in the form of medical expenses.

47. Defendant Lott's actions were willful, wanton, and done with malice such that punitive damages should be awarded in favor of Mr. O'Hara and against Defendant Lott to punish Defendant Lott's deplorable conduct and to deter Defendant Lott and others from engaging in such behavior in the future.

WHEREFORE, Mr. O'Hara prays for judgment against Defendant Lott for compensatory damages in a fair and reasonable amount, and for punitive damages, plus costs of this action, reasonable attorneys' fees, and for such other and further relief as this honorable Court deems fair and appropriate under the circumstances.

**COUNT V**
**FALSE ARREST/IMPRISONMENT**
**BY DEFENDANT LOTT**
**COGNIZABLE UNDER MISSOURI LAW**

For his cause of action against Defendant Lott in Count V, Mr. O'Hara states:

48. Mr. O'Hara incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

49. As set forth above, Mr. O'Hara was restrained against his will when Defendant Lott wrongfully arrested and jailed Mr. O'Hara.

50. This restraint was unlawful in that Mr. O'Hara was arrested without probable cause.

51. Mr. O'Hara's subsequent 24-hour detention, which was ordered by Defendant Lott, was also unlawful in that Mr. O'Hara was detained without probable cause.

52. Defendant Lott intended to cause this false arrest and wrongful imprisonment and confinement of Mr. O'Hara.

53. As a result of Defendant Lott's false arrest and wrongful imprisonment, Mr. O'Hara was injured.

54. Defendant Lott's actions were willful, wanton, and done with malice such that punitive damages should be awarded in favor of Mr. O'Hara and against Defendant Lott to punish Defendant Lott's deplorable conduct and to deter Defendant Lott and others from engaging in such behavior in the future.

WHEREFORE, Mr. O'Hara prays for judgment against Defendant Lott for compensatory damages in a fair and reasonable amount, and for punitive damages, plus costs of this action, reasonable attorneys' fees, and for such other and further relief as this honorable Court deems fair and appropriate under the circumstances.

Respectfully submitted,

**ARCHCITY DEFENDERS, INC.**

By: */s/ Nathaniel R. Carroll*
Stephen Ryals #34149MO
Nathaniel R. Carroll #67988MO
Jamitra Fulleord #73709MO
Jacki J. Langum #58881MO
Blake A. Strode  #68422MO
440 North 4th Street, Suite 390
Saint Louis, MO 63102
314-361-8834 ext. 1040
314-925-1307 (fax)
sryals@archcitydefenders.org
ncarroll@archcitydefenders.org
jfulleord@archcitydefenders.org
jlangum@archcitydefenders.org
bstrode@archcitydefenders.org

*Attorneys for Plaintiff Omar O'Hara*